UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FILED by PG D.C.

JUN 09 2016

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI

Lamont Collins [Pro Se]

    Plaintiff

v.

Case Number: _____

**16-CV-22109-ALTONAGA/O'SULLIVAN**

City of Miami "City"

and;

Vincent Miller in official capacity as ("M.P.D.O" Miami Police Department Officer).

    Defendant(s)

## COMPLAINT

There is no other civil action between these parties
arising out of the same transaction or occurrence as
alleged in this Complaint pending in this Court, nor has
any such action been previously filed and dismissed or
transferred after having been assigned to a judge.

**NOW COMES,** the Plaintiff Lamont Collins, 'Pro Se', by and through himself, and **BRINGS NOW** these Constitutional Violations against the City of Miami "City", **and;** Miami Police Department Officer "M.P.D.O" Vincent Miller in his official capacity.

"Internal Affairs" implies Miami Police Department Internal Affairs hereafter.

### JURISDICTION AND VENUE

1. Plaintiff brings this action under 42 U.S.C. §1983.

2. This Court has jurisdiction pursuant to the following statutes:

    a. 28 U.S.C. §1331, which gives district courts original jurisdiction over civil actions arising under the Constitution, laws or treaties of the United States;
    b. 28 U.S.C. §1343 (3) which gives district court(s) jurisdiction over actions to secure civil rights extended by the United States government.

3. Venue is appropriate in this judicial district under 28 U.S.C. § 1391 because the events that gave rise to this Complaint occurred in this district.

# PARTIES

4. The Plaintiff

    Lamont Collins
    1603 Northwest 7th Avenue
    Miami, Miami-Dade County
    Florida, 33136
    Deshawn_Collins@yahoo.com

    Plaintiff is a citizen of the United States and resides in the County of Miami-Dade, State of Florida, which is in this Judicial District.

5. The Defendant(s)

    Defendant Vincent Miller
    Miami Police Department Officer "M.P.D.O."
    400 NW Second Avenue
    Miami, Miami-Dade County
    Florida, 33128
    (305) 603-6640

    Defendant Vincent Miller is a M.P.D.O for the Miami Police Department. Defendant is sued in his official capacity for excessive force and wrongful arrest under 42 U.S.C § 1983 violations of the fourth amendment. In all events Defendant Miller has acted under the color of law.

**and;**

   Defendant City of Miami "City"
   3500 Pan American Drive
   Miami, Miami-Dade County
   Florida, 33133
   305-250-5300

   City of Miami "City" is sued for Civil Rights Violations under 42 U.S.C § 1983 for a custom / policy leading to the violation of this plaintiffs constitutional rights under the authority of official policy maker, Mayor of Miami, Tomas P. Regalado. Mayor Regalado also delegates official policy making authority to other members of his staff.

# STATEMENT OF FACTS

6. On December 17, 2014 the plaintiff Lamont Collins walked into Publix Supermarket at 1776 Biscayne Avenue to purchase pasta. The plaintiff stood in line to pay for the

pasta and defendant M.P.D.O Vincent Miller began targeting the plaintiff. Defendant Miller became unreasonably outraged with the plaintiff. The defendant stood nose to nose with the plaintiff in an aggressive manner, while verbally attacking and making aggressive bully-like gestures toward the plaintiff. Defendant Miller appeared as if trying to provoke an altercation with the plaintiff. This unexpected, unwarranted behavior, and the behavior to follow, would later cause severe mental anguish to the plaintiff, causing the plaintiff to completely dis-recall this nose to nose interaction entirely. The plaintiff does not know why defendant Miller began to exhibit this malicious behavior, however, defendant Miller would later state 'the plaintiff made no attempt to pay for his food', however, the plaintiff made every effort to purchase his items, thus making the defendants maliciousness toward the plaintiff material in fact.

7. As plaintiff leaves the supermarket, defendant Miller follows the plaintiff to a bench in the foyer of the supermarket. The plaintiff sits in the foyer to eat his purchased items. Defendant Miller tells the plaintiff he cannot sit in the foyer to eat, and must go outside. Defendant Miller never gives the plaintiff a 'trespass warning', but made it clear by his continued bully-like gestures that the plaintiff was not welcome to sit inside the supermarket foyer. As not to cause problems with the defendant, who acts under the color of the law, the plaintiff continues to be cooperative, goes outside, finishes his food, and returns inside some time later to purchase a beverage. Defendant Miller then uses his authority to seize the plaintiffs' person, handcuffing the plaintiff violating the plaintiffs Fourth Amendment Right to be free from illegal seizure of person. The defendant thus disrupting the plaintiffs' reasonable expectation of privacy from unreasonable intrusion of law enforcement. Plaintiff is told in arraignment court defendant Miller arrested him for 'trespassing after warning' (*verdict: nolle-prosse*). Plaintiff did not bargain for the nolle prosse verdict, there was a bonafide termination of the prosecution in the plaintiffs favor. The defendant never gave the plaintiff a trespassing warning, thus committing the Fourth Amendment violation of wrongful arrest.

8. Defendant Vincent Miller described the plaintiff as cocky, loud, shouting, and creating a large disturbance. The evidence does not support these statements. These statements by Defendant Miller supports the material nature of Defendant Millers maliciousness towards the plaintiff. Defendant Miller became outrageously upset with the plaintiff prior to his seizure of the plaintiffs person, and illegally arrested the plaintiff upon the plaintiffs re-entry into Publix, claiming a trespass warning was given, when in fact, none was. No illegal or disruptive activity occurred by the plaintiff prior to the plaintiffs' seizure by the defendant. No reasonable officer would have conducted themselves in such a manner.

9. Upon handcuffing the plaintiff, defendant Miller takes the plaintiff to a back room and sits plaintiff in a chair. Plaintiff asks Defendant Miller why he arrested him, and the Defendant grabs the plaintiff by the arm, and throws plaintiff to the floor. Plaintiff still in handcuffs, Defendant Miller knells on the plaintiff, pulls a weapon from his duty belt (believed to be a firearm by plaintiff), and places the weapon on the

plaintiffs lower face; the plaintiff begs for his life. The defendant gets up and looks out the door. The defendant turns out the lights and returns to knell on the plaintiff with the same weapon pressed again to the plaintiffs' lower face. Again, the plaintiff begs for his life. For nearly two minutes the defendant violated the plaintiffs' Constitutional Right to be free from excessive force and mental anguish as the plaintiff later states, 'I thought I was going to be killed'.

10. December19, 2014 Plaintiff goes to The Civilian Investigative Panel to file a Complaint concerning the events of paragraph 6 through 9. On that same day the Civilian Investigative Panel sends the "City" Internal Affairs a copy of that complaint. On January 21, 2015 plaintiff goes to the "City" Internal Affairs and files a Formal Complaint (opening Internal Affairs case #14-237) of the Constitutional, and Miami Police Departmental Violations that took place in paragraph 6 through 9.

11. A 2011- 2013 Civil Investigation by The United States Department of Justice put the "City" and Mayor Tomas P. Regalado on notice that they 'did not provide close supervision of their (police department), or hold individuals accountable for their actions by failing to complete thorough, objective investigations'. On November 15, 2013 Defendant Vincent Miller was witnessed by Richard Rosengarten tasing a man while working his off-duty job at the same Publix in which he assaulted this plaintiff. Defendant Miller did not report the incident nor did he arrest the man. Defendant Millers taser log show that his taser was armed at 4:19:02 pm and the trigger pressed four times within a minute producing a 'dry stun' just as the witness Richard Rosengarten described when his report was given to defendant "City" Internal Affairs. Defendant "City" Internal Affairs would conclude this case as 'information only', and close the case despite numerous Departmental and Civil Rights Violations. Defendant "City" Police Department unofficially ratified Defendant Millers conduct by not conducting a reasonable investigation, and not applying discipline. Not until this plaintiff, Lamont Collins, filed his complaint against Defendant Miller was strong discipline applied to Defendant Miller. These delayed actions constitute the plaintiffs claim of conspiracy. The parallel conduct exhibited by the "City" Police Department is a plausible suggestion of broader inappropriate behavior when inappropriate behavior is consistently ratified. The plaintiff further complains that this custom lead to the abuse and Constitutional Violations he endured at the hand of Defendant Miller.

12. A 2011 – 2013 Civil Investigation conducted by The United States Department of Justice put the "City" and Mayor Tomas P. Regalado on notice that "egregious delays of investigations by their (Police Department) contribute to pattern/practice of excessive force." Five months nine days after defendant "City" Internal Affairs received this plaintiffs' complaint, the Defendants Police Department conducts interviews of Publix employees who were said to be witnesses of some of the events of paragraph 6 through 9. This plaintiff complains this constitutes an egregious delay. Seven months twelve days after Defendant "City" Internal Affairs received this plaintiffs complaint, Elston Wallace was interviewed by the Defendants Police Department about the events described in paragraph 6 through 9. This plaintiff

complains this represents an egregious delay. Eight months nineteen days after the Defendants Internal Affairs receives plaintiff complaint, Sergeant Um Set Ramos (in charge of Internal Affairs Investigation #14-237) conducts the Garrity Statement and statement from defendant Vincent Miller about the events described in paragraph 6 through 9. This plaintiff complains, that these delays by defendant "City" Police Department, contributed to his abuse at the hand of their officer Defendant Vincent Miller. This is consistent with The Department of Justice findings. Mayor Tomas P. Regalado, was on notice of Police Department deficiencies, and failed to implement policies with respect to violent propensities thus showing deliberate indifference.

13. A 2011- 2013 Civil Investigation conducted by The United States Department of Justice, put defendant "City" and Mayor Tomas P. Regalado on notice that 'substantive deficiencies in deadly force investigations contributed to the pattern / practice of excessive force (in the police department)'. Defendant "City" Internal Affairs records indicate Defendant Millers taser logs were generated on July 20, 2015, almost seven months after this plaintiff filed his complaint with Defendant "City" Internal Affairs. The foundation of the plaintiffs complaint is Defendant Miller threatened the plaintiffs life with a fire arm. However, the taser records that would prove, or dis-prove he handled the weapon, or a weapon, went un-generated for over 6 months; after which were not mentioned at all in the Defendant "City" Internal Affairs questioning of Defendant Miller, nor in any of Defendant "City" Internal Affairs Investigative Findings. Defendant "City" Internal Affairs reviewed material information, knew or should have known Defendant Vincent Miller handled his taser, then concealed the information. Defendant "City" Internal Affairs conducted and executed an investigation to permanently deprive the plaintiff of justice by omitting material evidence. This is consistent with other defendant "City" Internal Affairs investigations making it unofficial policy/custom.

14. On August 18, 2015 Um Set Ramos sent an inter-office memorandum to Major David Sanchez explaining the findings in the plaintiffs Abusive Treatment complaint against defendant Miller. Um Set Romos stated in the memorandum that the investigation 'did not reveal sufficient evidence to either prove or disprove the allegations', rendering the findings to be, 'inconclusive'. Major David Sanchez of the Miami Police Department signed off on this memorandum, though numerous violations had occurred within Miami Police Department policy, and the United States Constitution. Defendant "City" Police Department validated defendant Millers actions, only changing the decision once another municipal entity (using primarily the evidence that Miami Police Department provided) put defendant "City" Police Department on notice that they are 'aware' of the violations.

15. August 19, 2015 Major David Sanchez sent an e mail to Civilian Investigative Panel investigator Micheal Lucas stating that this plaintiffs Internal Affairs case # 14-237 was sent back for 'minor corrections', and should be finalized within a couple of days. Custom of deficiency and concealment is so permanent and well settled that even after 'minor corrections', the investigation was still incompetent compared to a reasonable investigation of the facts. The case was finalized two days after the 'minor

corrections', and the plaintiff was sent a finalization letter from Major David Sanchez on August 26, 2015 with a finding of inconclusive. Defendant "City" Internal Affairs failed to investigate and/or report the merits of the plaintiff claims, thus misrepresenting the true nature of the investigation. Working under the custom of Mayor Tomas P. Regalado, Defendant "City" Internal Affairs officers Major David Sanchez, and Um Set Ramos, in agreement, wantonly disturbed the material evidence by omitting it, thereby providing a means to an end of the plaintiff Abusive Treatment Investigation (#14-237). Um Set Ramos was promoted soon after this case.

16. 42 U.S.C. § 1983 provides "every person acting under color of law whom under any custom, regulation, policy causes any person (citizen) the deprivations of federally protected rights shall be civilly liable to the injured party." This plaintiff complains material facts show decisions, regulations, customs, unofficial policy, promulgated to represent official policy adopted by the Defendant "City" Police Department, leading to the violation of this plaintiffs Constitutional Rights. Defendant "City" has knowledge of these unconstitutional practices of its employees, showing widespread, frequent and flagrant abuse, and "City" fails to act.

**WHEREFORE** the plaintiff seeks an ORDER awarding damages, injunctive, and further relief as the Court deems necessary, just and proper for the following claims:

### CLAIM 1
42 U.S.C. § 1983 Fourth Amendment Civil Rights violation against Defendant Miller for Excessive Force in his official capacity. Plaintiff realleges paragraphs 6 – 9 and all paragraphs above as if fully set forth here. WHEREFORE this plaintiff seeks Two Million Eight Hundred Fifty Thousand Dollars ($2,850,000.00) in damages, injunctive and further relief as the Court deems necessary, just and proper.

### CLAIM 2
42 U.S.C. § 1983 Fourth Amendment Wrongful Arrest against Defendant Vincent Miller, who under the color of law deprived the plaintiff of constitutional right to be free from illegal seizure of his person. Plaintiff realleges paragraphs 6 – 8 and all paragraphs above as if fully set forth here. WHEREFORE this plaintiff seeks Two-Hundred Thousand Dollars ($200,000.00) in damages, injunctive and further relief as the Court deems necessary, just and proper.

### CLAIM 3
42 U.S.C. § 1983 liability claim against Defendant City of Miami, for instituting unofficial policy/custom leading to the violations of this plaintiffs Constitutional Rights. Plaintiff realleges paragraphs 6 – 16 and all paragraphs above as if fully set forth here. WHEREFORE this plaintiff seeks Five Million Five Hundred Thousand Dollars ($5,500,000.00) in damages, injunctive relief and further relief as the Court deems necessary, just and proper.

### CLAIM 4

42 U.S.C. § 1983 Civil Liability Conspiracy against Defendant City of Miami for condoning a custom/unofficial policy, thus allowing it's employees to effectively conspire to deprive the Plaintiff of a 'Just' Internal Affairs Investigation. Plaintiff realleges paragraphs 10 – 16 and all paragraphs above as if fully set forth here. WHEREFORE this plaintiff seeks Three Million Three Hundred Fifty Five Thousand Dollars ($3,355,000.00) in damages, injunctive relief and further relief as the Court deems necessary, just and proper.

## JURY DEMAND

Plaintiff respectfully demands a jury trial.

Lamont Collins
1603 Norwest 7th Avenue
Miami, Florida 33136
Deshawn_Collins@yahoo.com

_____
Pro Se